Minute Order Form (06/97)

356

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 5520 | DATE | 3/27/2001 |
| CASE TITLE | George Bialecki, Jr. vs. Patterson Travis, Inc. et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Patterson Travis' motion to vacate the arbitration award is denied. All other pending motions, if any, are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | MAR 2 8 2001 | 10 |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | 15 | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 2 8 2001

GEORGE BAILIWICK JR.,                )
                                     )
                  Claimant,          )
                                     )
                                     )    00 C 5520
vs.                                  )
                                     )
PATTERSON TRAVIS, INC.,              )
JUDAH L. WERNICKE, ADAM PEALE        )
and GLEN W. DAUTRICK,                )
                                     )
                  Respondents.       )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Patterson Travis' motion to vacate an arbitration award. Although Patterson Travis initially challenged the arbitration award on several grounds, this opinion will only address the arbitrator's award of attorneys' fees to co-respondent Glen Dautrick. For the reasons set forth below, the Court denies Patterson Travis' motion.

## BACKGROUND

In March of 1998, the claimant, George Bialecki, opened a securities brokerage account with Patterson Travis, Inc. ("PTI") Co-respondent Adam Pekale served as Bialecki's registered representative at PTI from March 1998 to September 1998.



Co-respondent Glen Dautrick served as Bialecki's registered representative from September 1998 to October 1998.

In April of 1999, Bialecki filed a complaint before the National Association of Securities Dealers ("NASD") in connection with his investments with PTI. PTI was named as respondent, as well as three individuals- Pekale, Dautrick, and Judah Wernick (a supervisor at PTI). Bialecki asserted counts of breach of contract, negligence, breach of fiduciary duty, unauthorized trading, unsuitability, churning, and securities fraud. Bialecki charged that PTI and its employees failed to disclose material information about Bialecki's investments. Bialecki requested $148,595 in compensatory damages, plus an unspecified amount of punitive damages.

The parties submitted this dispute to arbitration. A hearing was held at the NASD Office of Dispute Resolution in Chicago on May 22-25, 2000. The NASD panel issued their decision on June 30, 2000. The panel found PTI, Wernick, and Pekale jointly and severally liable to Bialecki for $30,000. The panel found PTI, Wernick, and Pekale jointly and severally liable to pay co-respondent Dautrick's attorney fees and costs related to the arbitration hearing. See Award at 2 (attached as Exhibit E to PTI's Motion to Vacate).

On September 7, 2000, PTI filed a motion to vacate the award in this Court, claiming that: (1) the arbitration panel improperly disallowed re-cross examination by

PTI's counsel; (2) the arbitration panel's findings were incomplete and/or inadequate; and (3) the arbitration panel was not justified in ordering PTI to pay Dautrick's legal fees. By letter received March 6, 2001, PTI abandoned all of its claims except its challenge to the arbitrators' decision to award attorneys' fees. This is the only issue the Court will address in this opinion.

## DISCUSSION

The traditional "American Rule" states that litigants must pay their own attorneys' fees. PTI contends that the American Rule bars an arbitration award from forcing PTI to pay the fees of co-respondent Dautrick. PTI has stated that "there is no rational basis for the panel to award one co-respondent legal fees to be paid by another co-respondent without some aggravating factors in the record . . ." PTI's March 6, 2001 Letter at 1.

As an initial matter, the Court notes that judicial review of arbitration awards is extremely limited. See Eljer Mfg. Inc. v. Kowin Development Corp., 14 F.3d 1250, 1253-54 (7th Cir. 1994); 9 U.S.C. §§ 10-11. An arbitrator's decision will be set aside by a district court if the arbitrator deliberately disregards what he knows to be the law. Health Services Mgmt. Corp. v. Hughes, 975 F.2d 1253, 1267 (7th Cir. 1992). Insufficient evidence, however, does not permit a court to overturn an award. Eljer, 14 F.3d at 1254. Further, an arbitrator need not state the reasons for his decision. See

Eljer, 14 F.3d at 1254 citing Randall v. Lodge 1076, Int'l Ass'n of Machinists and Aerospace Workers, 648 F.2d 462, 468 (7th Cir. 1981).

Exercising its limited review, the Court finds that the arbitration panel did not err by forcing PTI to pay co-respondent Dautrick's legal fees. It does not appear that the arbitration panel was limited in the remedy it could fashion. "It is commonplace to leave the arbitrators pretty much at large in the formulation of remedies . . ." Baravati v. Josephthal, Lyon & Ross Co., 28 F.3d 704, 710 (7th Cir. 1994) citing United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). The arbitration panel, after three days of testimony, found that PTI should pay Dautrick's legal fees. The Court will not disturb this finding. "Arbitration does not provide a system of 'junior varsity courts' offering the losing party complete and rigorous de novo review." Eljer, 14 F3d at 1254 citing National Wrecking Co. v. International Brotherhood of Teamsters, Local 731, 990 F.2d 957, 960 (7th Cir. 1993).

Even though the Court is not required to supply justification for the arbitrator's decision, the Court has found two possible bases for the panel's rejection of the American Rule. The American Rule can be avoided when attorneys' fees are

contractually or statutorily authorized. See Black's Law Dictionary 82 (6th ed. 1990).[1]

Both of these exceptions are present in this case.

The Court finds that the arbitrator was authorized to award attorneys' fees by the parties' contract. Litigants may avoid the American Rule contractually by submitting a dispute to arbitration. Mutual Service Corp. v. Spaulding, 972 F.Supp. 1126, 1127 (N.D. Ill. 1997). "[P]arties can stipulate to whatever procedures they want to govern the arbitration of their disputes." Baravati, 28 F.3d at 709 quoted in Mutual Service Corp., 972 F.Supp. at 1127.

In this case, the parties have, explicitly or implicitly, agreed to be bound by the NASD Arbitration.[2] The NASD Code of Arbitration Procedure provides that arbitrators may award "damages and other relief." See NASD Code of Arbitration Procedure § 3741(e). The Court is satisfied that this provision is broad enough to allow an arbitrator to command a respondent to pay a co-respondent's legal fees.

---

[1] The application of the American Rule to arbitration awards in the Seventh Circuit is an open question. See Gingiss International, Inc. v. Bormet, 58 F.3d 328, 332 (7th Cir. 1995).

[2] Although it appears that PTI did not sign a submission agreement agreeing to NASD procedure, the Court finds that PTI is in fact bound by those procedures. PTI clearly intended to adhere to the result of the arbitration, and their failure to submit a signed submission agreement appears to be an innocent mistake. See Transcript of Proceedings, 5/20/00 at 7-8. In any event, PTI has not challenged the arbitrator's authority at any time in these proceedings, and has waived any objection. See Award at 2.

See Mutual Service Corp., 972 F.Supp. at 1127 citing Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 61, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995).

The Court also finds that the arbitrator was authorized to award attorneys' fees by statute. The American Rule can be superseded by statutory authority that allows a trier of fact to award such costs. See Eljer, 14 F.3d at 1257.

In this case, there is such statutory authority. Bialecki charged the respondents with securities fraud. Under Illinois securities law, a plaintiff may be awarded attorneys' fees. Id. citing 815 ILCS § 5/13 (1993). Although the statute may have contemplated awarding attorneys' fees to a purchaser of securities, a court's different interpretation would not justify setting aside the arbitration award. "As we have stated repeatedly, mere error in the interpretation of the law (as opposed to failure to decide in accordance with relevant provisions of law) does not provide grounds for disturbing an arbitration award." Eljer, 14 F.3d at 1256. See also Wilson v. Sterling Foster & Co., Inc., 1998 WL 749065, *6 (N.D. Ill. Oct. 15, 1998) (refusing to vacate an arbitration award because the arbitrator may have misconstrued Illinois securities law).

Finally, Respondent Dautrick asks that this Court order PTI to pay Dautrick's attorneys' fees incurred responding to this motion. The Court directs Dautrick to file a proper motion to recover costs under the Federal Rules of Civil Procedure.

## CONCLUSION

For these reasons, Patterson Travis' motion to vacate the arbitration award is denied.

_____
Charles P. Kocoras
United States District Judge

Dated: __March 27, 2001__